1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10
11   DESIREE CHERIE O.,                          Case No.:  3:24-cv-01617-AHG
12                                Plaintiff,      **ORDER GRANTING PLAINTIFF'S
13   v.                                          MOTION FOR LEAVE TO
                                                 PROCEED IN FORMA PAUPERIS**
14   MARTIN J. O'MALLEY,
     Commissioner of Social Security,            **[ECF No. 2]**
15
                                 Defendant.
16
17
18
19
20          On September 10, 2024, Plaintiff Desiree Cherie O. ("Plaintiff") brought this action
21   against the Commissioner of Social Security, seeking judicial review of the
22   Commissioner's final administrative decision denying her application for Social Security
23   Disability and Supplemental Security Income for lack of disability. ECF No. 1. Along with
24   her Complaint, Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* ("IFP")
25   under 28 U.S.C. § 1915. ECF No. 2.
26   **I.    LEGAL STANDARD**
27          A motion to proceed IFP presents two issues for the Court's consideration. First, the
28   Court must determine whether an applicant properly shows an inability to pay the

$405^1$ civil filing fee required by this Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). To that end, an applicant must also provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows inability to pay initial fees or give security." CivLR 3.2(a). Second, § 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

## II.    DISCUSSION

### A.    Motion to Proceed IFP

An applicant need not be completely destitute to proceed IFP, but she must adequately prove her indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty"). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id.* at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); UNITED STATES COURTS, DISTRICT COURT MISCELLANEOUS FEE SCHEDULE § 14 (effective Dec. 1, 2023), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974).

Here, Plaintiff states in her affidavit that she receives $1,645 per month in public assistance, cares for her three children, has no money in any savings or checking accounts, has no valuable assets, and has no other source of income. ECF No. 2 at 1–2. Plaintiff represents that she pays $1,600 per month in rent and utilities, pays for food with food stamps, and does not have any other monthly expenses other than food, but if any expenses arise, she borrows money from family or receives donations. *Id*. at 4–5. Considering the information in the affidavit, the Court finds that Plaintiff has sufficiently shown an inability to pay the $405 filing fee under § 1915(a).

**B. Screening under 28 U.S.C. 1915(e)**

As discussed above, every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to a mandatory screening by the Court under Section 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under that subprovision, the Court must dismiss complaints that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Social Security appeals are not exempt from this screening requirement. *See Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits [under 42 U.S.C. 405(g)]."); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (affirming that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez*, 203 F.3d at 1129.

Rule 2 of the Federal Rules of Civil Procedure's Supplemental Rules of Social Security Actions sets forth the requirements for a complaint in an action appealing the decision of the Commissioner. FED. R. CIV. P., SUPPLEMENTAL R. 2 OF SOC. SEC. ACTIONS UNDER 42 U.S.C. § 405(G) (effective Dec. 1, 2022) (The complaint must "(A) state that the action is brought under § 405(g); (B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision; (C) state

the name and the county of residence of the person for whom benefits are claimed; (D) name the person on whose wage record benefits are claimed; and (E) state the type of benefits claimed." The complaint <u>may</u> "include a short and plain statement of the grounds for relief."). In the IFP screening context, however, "[t]he plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with the ALJ's determination and must make a showing that [s]he is entitled to relief, 'in sufficient detail such that the Court can understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to § 1915(e).'" *Jaime B. v. Saul*, No. 19cv2431-JLB, 2020 WL 1169671, at *2 (S.D. Cal. Mar. 10, 2020) (quoting *Graves v. Colvin*, No. 15cv106-RFB-NJK, 2015 WL 357121, at *2 (D. Nev. Jan. 26, 2015)). "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong. The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2.

Having reviewed Plaintiff's Complaint, the Court finds Plaintiff has sufficiently stated a claim upon which relief may be granted. Specifically, in her complaint, Plaintiff (1) states that she brings this action pursuant to 42 U.S.C. § 405(g); (2) identifies the final decision of the Commissioner to be reviewed as the Appeals Council's September 3, 2024, denial of Plaintiff's request for review of the Administrative Law Judge's ("ALJ") unfavorable decision, (3) provides her name, last four digits of her social security number, and states that she resides in El Cajon, California, located within San Diego County; and (4) states the type of benefits claimed, namely, Social Security Disability and Supplemental Security Income benefits. ECF No. 1. Although it is optional to do so under Rule 2, Plaintiff further explains her grounds for relief from the Commissioner's decision, including that: "[t]he conclusions and findings of fact of the [ALJ] are not supported by substantial evidence and are contrary to law and regulation." *Id*. at 2. Upon due consideration, the Court finds that Plaintiff's complaint survives screening under 28 U.S.C. § 1915(e)(2)(B).

/ /

## III.    CONCLUSION

Based on the foregoing considerations, the Court **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis*, without prepayment of fees or costs. ECF No. 2.

Typically, after granting IFP status, the Court would direct the Clerk's Office to prepare and issue summons for the named Defendant, and direct the Plaintiff to complete Form 285. Then, the United States Marshal Service would serve a copy of the complaint and summons on Defendant. However, in accordance with Rule 3 of the Federal Rules of Civil Procedure's Supplemental Rules of Social Security Actions, and this district's General Order 747, a notice of electronic filing shall be transmitted to the Social Security Administration's Office of General Counsel and to the United States Attorney's Southern District of California office in lieu of service of a summons. *See* FED. R. CIV. P., SUPPLEMENTAL R. 3 OF SOC. SEC. ACTIONS UNDER 42 U.S.C. § 405(G) (effective Dec. 1, 2022) ("The court must notify the Commissioner of the commencement of the action by transmitting a Notice of Electronic Filing to the appropriate office within the Social Security Administration's Office of General Counsel and to the United States Attorney for the district where the action is filed. … The plaintiff need not serve a summons and complaint under Civil Rule 4."); General Order No. 747 (S.D. Cal. Dec. 15, 2022) (explaining that, in social security cases, the administrative record is due in lieu of an answer "60[] days after service of the Notice of Electronic Filing of the complaint," emphasizing that the service of summons is no longer a requirement). Here, no further action is needed, as the Clerk's Office already transmitted the notice of electronic filing to Defendant in the instant case. *See* ECF No. 3, NEF ("The Notice of Electronic Filing of the complaint sent by the court to the Commissioner suffices for service of the complaint. The Plaintiff need not serve a summons and complaint under Civil Rule 4.").

**IT IS SO ORDERED.**

Dated:  September 12, 2024

Honorable Allison H. Goddard
United States Magistrate Judge

5